### MARTIN *v.* VEDDER, 5 Cow. 671.
#### Not reported in court below.

#### *Application of Payment.*

IN this case, where the mortgagor had delivered to the mortgagee personally, a sum of money due on the mortgage with an intention to pay and have it applied to that purpose only, and the same money was shortly after delivered back to the mortgagor, to keep and use it; the Chancellor (Kent) held that it did not operate as a payment to extinguish the lien of the mortgage, but he held it to be a temporary *advance* of money by the debtor to the creditor, which did not disturb or impair the lien of the mortgage. But, on appeal,

The Court of Errors held, that such a delivery of the money with an intention to pay, operates as a payment, without a receipt or an endorsement on the mortgage, or collateral security; and the re-delivery of the money to the mortgagor by the mortgagee, should be construed as a loan on the personal security of the mortgagor, and the lien of the mortgage as to the sum paid, can not be revived by the agreement of the mortgagor and mortgagee, as to third persons who hold *bona fide* incumbrances on the mortgaged premises.

Per Savage, Chief Justice. "When a debtor *advances* money to his creditor, which is intended by both parties to be applied on the debt due, it is but another name for payment."

Decree of Chancellor *reversed* accordingly.

---

☞ See *Banter* v. *Garmo*, 1 Sandford's Ch. R. 384.
    *Lansing* v. *Woodworth*,    "    43.
    *Craig* v. *Tappen*, 2    "    78.